Michael C. Fallon, SBN 088313
Michael C. Fallon, Jr., SBN 303082
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
Facsimile: (707) 546-5775

Attorneys for Debtor

**The following constitutes the order of the Court.**
**Signed: April 1, 2025**

_____
**William J. Lafferty, III**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:                                                  Case No. 25-10088 WJL

Kingsborough Atlas Tree Surgery, Inc.                   Chapter 11

    Debtor.
_____/

**ORDER APPROVING DEBTOR'S APPLICATION TO EMPLOY SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §327(a), 330, 331 $ 1107, AND RULES 2014 & 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

    Upon the Application (the "Application") filed by Kingsborough Atlas Tree Surgery, Inc., Debtor and Debtor in Possession herein ("Debtor"), in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case" or the "Bankruptcy Case"), pursuant to section 327(a), 330, 331, and 1107 of the Bankruptcy Code and Bankruptcy Code and Bankruptcy Rules 2014 and 2016, for entry of an order authorizing the employment and retention of Philip J. Terry and the law firm of Carle Mackie Power Ross LLP ("Terry") to represent the Debtor as special bankruptcy counsel in the above-captioned case on the terms described in the Application and as more fully set forth therein (Dkt No. 29); and upon the Declaration of Philip J. Terry (Dkt No. 29-1) and all other submissions filed in support of the Application; and due and proper notice of the Application having been given; and the Court having found that it has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, that this is a core proceeding under 28 U.S.C. §§ 157 and 1334, that this is a core proceeding under 28 U.S.C. §§ 157(a)-(b) and 1334(b), and that venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; and the

Court being satisfied based on the representations made in the Application and the Terry Declaration that Terry does not hold or represent any interest adverse to the Debtor's estate in the above-captioned case and is disinterested under section 101(14) and meets the requirements for employment under section 327(a) of the Bankruptcy Code; and the Court finding that cause exists for the entry of this Order, and for authorizing the employment of Philip J. Terry and the law firm of Carle Mackie Power Ross LLP ("Terry") as special counsel for the Debtor effective as of the Petition Date, including that such employment as of the Petition Date is in the best interests of the Debtor's estate;

IT IS HEREBY ORDERED that the Application is APPROVED as follows:

1. Debtor is authorized to retain and employ Philip J. Terry and the law firm of Carle Mackie Power Ross LLP as its special bankruptcy counsel in this case, effective as of the Petition Date, under the terms set forth in the Application. However, Terry may not draw from the retainer on deposit held in trust until May 1, 2025.

2 Terry's compensation and reimbursement in respect to its fees and expenses incurred representing the Debtor shall be subject to further order of the Court in accordance with the procedures and standards set forth in sections 330 and 331 of the Bankruptcy Code, such Federal Rules of Bankruptcy Procedure and local rules as may be applicable from time to time, and such procedures as may be fixed by order of this Court, as well as the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, effective February 19, 2014,* and the *U.S. Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013.*

4. Notwithstanding anything to the contrary in this Order, or the Application, the Court is not approving terms and conditions of Terry's employment under 11 U.S.C. § 328(a).

5. In the event of any inconsistency between the Application and this Order, this Order shall govern.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order

shall be immediately effective and enforceable immediately upon its entry.

7. The Debtor is authorized and empowered to take all action necessary to effectuate the relief granted in this Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

* * * END OF ORDER * * *

Approved as to form

Fox Rothschild LLP

    */s/ Jack Praetzellis*

By_____
    Jack Praetzellis
    Attorney for Anvil Builders

COURT SERVICE LIST