MICHAEL A. SWEET (SBN 184345)
msweet@foxrothschild.com
JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
NOAH THOMAS (SBN 358134)
nthomas@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, California 94104
Telephone:   (415) 364-5540
Facsimile:   (415) 391-4436

*Attorneys for Anvil Builders*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>KINGSBOROUGH ATLAS TREE SURGERY, INC.<br><br>Debtor. | Case No. 25-10088 (WJL)<br><br>Chapter 11<br><br>**OBJECTION OF ANVIL BUILDERS TO MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY [DOC# 97]** |

## I. INTRODUCTION

The objecting creditor Anvil Builders ("Anvil") has a valid UCC-1 recorded against all assets of the Debtor securing a debt in the amount of not less than $4.6 million. The Debtor's proposed sale under Bankruptcy Code § 363(b) does not sell free and clear of liens: creditor's lien against the Equipment will survive the sale. *First*, it is unimaginable that the Buyer knows the Equipment will be subject to Anvil's lien. Anvil raises this objection to put the Buyer on notice that its purchase will be subject to Anvil's lien and after the sale Anvil may exercise its state law remedies with respect to the Equipment. *Second*, Anvil objects to the Debtor's use of any proceeds from the sale to do anything other than pay secured creditors of the Debtor senior to Anvil and only once that priority has been established. *Third*, Anvil is concerned the process leading to this sale – which based on the record in support of the Motion is no process whatever – did not result in a transaction that satisfies

1

Bankruptcy Code § 363(b). Initially, the sale appears to be to the current employer of a principal of the Debtor and his child (a fact not disclosed anywhere in the Motion) without any evidence whatsoever that the sale price is fair and reasonable, that it was subject to adequate marketing, and that it was the product of an arms-length negotiation. In other words, there's insufficient evidence to support a sale at this price to the Buyer. Beyond the failure of diligence on the sale, the Equipment is subject to Anvil's security interest perfected by a recorded UCC-1 and the sale does not sell free and clear of Anvil's lien nor does the sale purport to have Anvil's lien attach to the proceeds. This Motion should not be granted.

## II. FACTUAL BACKGROUND

Anvil entered into a line of credit and security agreement (the "LOC") with the Debtor and in connection therewith advanced significant sums to the Debtor. A UCC-1 was recorded, a copy of which is attached as Exhibit 1. As of shortly before the petition date, the Debtor owed approximately $4.6 million on the LOC.

The Debtor proposes to sell the following equipment: 2020 Bandit 18XP Chipper; 2010 Bandit 19XP Chipper; 2020 Vermeer 42" Log Grappler; 2020 Vermeer Rotating Grappler; 2020 Felling Equipment Trailer; and 2010 Vermeer SC292 Stump Grinder (the "Equipment") to Davey Tree Expert Company ("Buyer") for $97,400. Mot. at 2.

The sale proceeds are to be paid directly to Commercial Credit Group ("CCG"). The Debtor asserts that CCG has a duly perfected security interest in the equipment that secures a loan to Debtor with a current balance of more than $2,000,000. Mot. at 2. The Debtor does not supply a copy of the security agreement, loan, or UCC-1 as part of the Motion. Nor does it do anything to substantiate CCG's purported security interest.

The Motion does not value the Equipment, nor does the Motion describe any marketing performed by the Debtor whatsoever with respect to the Equipment. The basis for determining the sale is in the best interest of the estate is simply that "the sale of the equipment Debtor no longer needs will result in lowering Debtor's operating expenses while paying down Debtor's obligation to Commercial Credit Group and is therefore in the best interest of the estate." Doc# 97-1.

Most egregiously – and coupled with the absence of any marketing or valuation whatsoever – the Motion does not address the fact that the Debtor has a host of connections to the Buyer. *First*, Anvil is informed and believes that Richard Kingsborough works for the Buyer. *Second*, and beyond Anvil's information and belief, there really is no question that a child of the Debtor's principals (and a former Anvil employee and before that a Debtor employee) currently works for the Buyer. A screenshot from her publicly viewable LinkedIn profile follows below.[1]

**Kelli Kingsborough**
ISA Certified Arborist
San Francisco Bay Area · Contact Info
40 followers · 44 connections

The Davey Tree Expert Company
Santa Rosa Junior College

### III. GOVERNING LAW

Bankruptcy Code § 363(b) authorizes the non-ordinary course sale of property of the estate following notice and a hearing. "In any sale of estate assets, the ultimate purpose is to obtain the highest price for the property sold." *In re Wilde Horse Enters., Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991). "In approving any sale outside the ordinary course of business, the court must not only articulate a sufficient business reason for the sale, it must further find it is in the best interest of the estate, i.e. it is fair and reasonable, that it has been given adequate marketing, that it has been negotiated and proposed in good faith, that the purchaser is proceeding in good faith, and that it is an "arms-length" transaction." *In re Wilde Horse Enters., Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991).

Standing alone, a § 363(b) sale does nothing whatsoever to liens against the property of the estate. Only a sale approved under Bankruptcy Code § 363(f) is free and clear of liens. *In re Payne*, 512 B.R. 421, 427 (Bankr. E.D.N.Y. 2014) ("Property of the estate may be sold subject to liens, claims and encumbrances under § 363(b), or may be sold free and clear of liens, claims, and encumbrances under § 363(f)."). The Debtor's Motion, however, is decidedly not a § 363(f) motion. It offers no evidence or argument with respect to § 363(f)(1)-(5) and it fails to comply with B.L.R.

---

[1] Available at https://www.linkedin.com/in/kelli-kingsborough-5a1a22116 (last visited April 29, 2025).

6004-1 (requiring specific notice provisions, evidence relating to 363(f), and identification of the basis for the sale under 363(f). Thus, were the Bankruptcy Court to approve the sale (and it should not be), the property sold would continue to be subject to liens, claims, and encumbrances.

Furthermore, applicable state law does not cause liens to be avoided through the non-consensual disposition of collateral. "A security interest . . . continues in collateral notwithstanding [the] sale . . . thereof unless the secured party authorized the disposition free of the security interest . . . ." Cal. Com. Code § 9315; *see, e.g.*, *United States v. Handy & Harman*, 750 F.2d 777, 780 (9th Cir. 1984) ("As a general rule, when collateral subject to a security interest is sold, the security interest continues in both the collateral and in the proceeds generated by the sale. [Citation.]").

Finally, in the context of the non-consensual disposition of collateral subject to liens, the security interest attaches to identifiable proceeds of the collateral, i.e., the cash. Cal. Com. Code § 9315.

## IV. DISCUSSION

### A. Anvil's Lien Survives The Sale

The Debtor proposes selling the Equipment to the Buyer under Bankruptcy Code § 363(b). The Debtor neglects to address that the Equipment remains subject to Anvil's UCC-1 (along with the purported blanket lien of CCG in so far as there is no evidence that CCG authorized the sale free and clear of its UCC-1). The Buyer will take the Equipment subject to Anvil's lien as well as, perhaps, the lien of CCG and others. Anvil reserves the right to exercise its state law rights with respect to the Equipment and very well may conduct a public sale of the Equipment under Article 9 of the UCC following its sale. In other words, Anvil does not authorize the disposition of its collateral free of the security interest. Cal. Com. Code § 9315.

### B. Proceeds From The Sale Are Collateral Of Secured Creditors, Not Debtor Property

To the extent any proceeds are generated from the sale of the Equipment, those proceeds are Anvil's cash collateral. Cal. Com. Code § 9315. Anvil requests that any order authorizing the sale of the Equipment explicitly provide that Anvil's lien on the Equipment shall attach to any and all proceeds from the sale without any further action by Anvil. The Debtor has not provided any

evidence that CCG's lien is senior to Anvil's lien providing a basis to turn over the sale proceeds to CCG or otherwise. If a sale is approved, the proceeds should be held pending proof on that point.

### C. Undisclosed Sale Terms

The Motion is scant on details of the proposed sale. Further, these details matter. *In re Wilde Horse Enters., Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991). First, the Debtor should be required to explain what connections the Debtor has with the Buyer along with the value of the property being sold and the efforts made to maximize the sale price (i.e., good faith). Nothing in the Motion explains how this sale reflects a good deal for the Debtor (i.e., fair and reasonable). Indeed, the Motion doesn't even try to say what the Equipment is worth. Moreover, the Debtor completely omits that, at minimum, a child of its principals works for the Buyer and previously worked for the Debtor. That conflict – indicating the absence of an arms-length transaction, along with the absence of evidence of value – makes it hard to see this transaction meeting the bar set by Bankruptcy Code § 363(b).

Beyond a good faith and a fair and reasonable sale, the transaction specific details matter… is there a written agreement describing the obligations of the parties? What representations did the Debtor make to the Buyer about the Equipment? What disclosures did the Debtor make to the Buyer about the Equipment about liens against it? Where the Buyer is buying subject to liens, one wonders about the liability that will be created for the Estate when the other shoe drops, and Anvil (or some other secured party), exercises its valid state law rights with respect to the Equipment that the Buyer just purchased. This certainly suggests that the Debtor does not even have a good business reason for the sale.

### V. CONCLUSION

Anvil respectfully requests that the Motion be denied and in the event the Motion is granted that (a) any sale order explicitly provide that any purchase is subject to Anvil's lien, and (b) that Anvil's lien shall attach to the proceeds from the sale without any further action by Anvil.

Date: May 1, 2025                                   FOX ROTHSCHILD LLP

*/s/ Jack Praetzellis*
Jack Praetzellis
*Attorneys for Anvil Builders*

5

# EXHIBIT 1

 

U230038007019



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

**For Office Use Only**

**-FILED-**

File No.: U230038007019

Date Filed: 5/30/2023

B1806-4276 05/30/2023 4:47 PM Received by California Secretary of State

| Submitter Information: | |
|---|---|
| Contact Name | RICHARD J. LEIDER |
| Organization Name | ANVIL POWER INC DBA ATLAS TREE SURGERY |
| Phone Number | |
| Email Address | |
| Address | 1550 PARK AVENUE<br>EMERYVILLE, CA 94608 |

Debtor Information:

| Debtor Name | Mailing Address |
|---|---|
| Kingsborough Atlas Tree Surgery, Inc. | 1544 Ludwig Avenue<br>Santa Rosa, CA 95402 |

Secured Party Information:

| Secured Party Name | Mailing Address |
|---|---|
| Anvil Builders Inc | 1550 Park Avenue<br>Emeryville, CA 94608 |

Indicate how documentation of Collateral is provided:
Attached in a File

Upload PDF as Collateral:
Exhibit A - UCC for Kingsborough.pdf

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:
Not Applicable

Select an additional alternate Financing Statement type:
Not Applicable

Select an alternative Debtor/Secured Party designation for this Financing Statement:
Not Applicable

Optional Filer Reference Information:

Miscellaneous Information:

Search to Reflect:

☐ Order a Search to Reflect

EXHIBIT A

UCC-1 Financing Statement
Debtor: Kingsborough Atlas Tree Surgery, Inc.

  All present and future tangible and intangible property of Debtor, including, but not limited to, (1) goods, inventory, work in process, finished goods, equipment, furniture and proceeds therefrom, (2) money, documents, instruments, accounts, chattel paper, and (3) licenses, franchises, permits, patents, patent rights, copyrights, works which are the subject matter of copyrights, trademarks, trade names, trade styles, patent and trademark applications and licenses and rights thereunder, and all other rights under any of the foregoing, all extensions, renewals, reissues, divisions, continuations, and continuations-in-part of any of the foregoing, and all rights to sue for past, present, and future infringement of the foregoing; inventions, trade secrets, formulae, processes, compounds, drawings, designs, blueprints, surveys, reports, manuals, software, including source code and operating standards; goodwill; general intangibles including, but not limited to, state, federal and local government tax refunds, mailing lists, customer lists, supplier lists and other lists and data in whatever form maintained, trade secret rights, rights in works of authorship, and contract rights relating to computer software programs, in whatever form maintained, Debtor's rights under contracts with employees and third parties and proceeds therefrom; and Debtor's interest in other entities.




U230052989534



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

**For Office Use Only**
**-FILED-**

File No.: U230052989534
Date Filed: 7/26/2023

| | |
|---|---|
| **Submitter Information:** | |
| Contact Name | |
| Organization Name | |
| Phone Number | |
| Email Address | |
| Address | None |
| **Amendment Action Information:** | |
| Initial Financing Statement File Number | U230038007019 |
| Date Filed | 05/30/2023 |
| Amendment Action | Collateral Amendment |
| Collateral Change | Delete Collateral |
| Indicate how documentation of Collateral is provided: | Entered as Text |

Description:
The following items of equipment are released:

#1 Caterpillar 308E SN.FJX06360
#2 Caterpillar 308E SN.FJX03065
#3 Caterpillar 325FL SN. XAA00266
#4 Caterpillar 950H SN. K5K00426
#5 Sennebogen 718E SN.718 0 2061
#6 Sennebogen 718E SN. 718 0 2055
#7 Caterpillar 518C SN.9HJ00561 (Soon to be sold)

☐ Check this box to see additional UCC Collateral options.

**Name of Secured Party of Record Authorizing This Amendment:**

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

| | |
|---|---|
| Authorizing Secured Party Name | ANVIL BUILDERS INC |
| Optional Filer Reference Information: | |
| Miscellaneous Information: | |

B1985-4658 07/26/2023 11:25 AM Received by California Secretary of State

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: OBJECTION OF ANVIL BUILDERS TO MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY [DOC# 97] will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 5/01/25, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jay K Chien   jay.chien@usdoj.gov, Ianthe.V.Rosario@usdoj.gov;katina.umpierre@usdoj.gov
- Michael C. Fallon   mcfallon@fallonlaw.net, manders@fallonlaw.net
- Alan W Forsley   alan.forsley@flpllp.com
- Gabriel P Herrera   gherrera@kmtg.com, bxiong@kmtg.com
- Office of the U.S. Trustee / SR   USTPRegion17.SF.ECF@usdoj.gov
- Jack Praetzellis   jpraetzellis@foxrothschild.com, jack-praetzellis-1683@ecf.pacerpro.com
- Michael A. Sweet   msweet@foxrothschild.com, michael-sweet-6337@ecf.pacerpro.com

**2.** **SERVED BY UNITED STATES MAIL**: On N/A, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**3.** **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on N/A, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/01/2025 | Kimberly Hoang | /s/ Kimberly Hoang |
|---|---|---|
| Date | Printed Name | Signature |

Active\118534396.v2-1/12/21