MICHAEL A. SWEET (SBN 184345)
msweet@foxrothschild.com
JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
NOAH THOMAS (SBN 358134)
nthomas@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, California 94104
Telephone: (415) 364-5540
Facsimile: (415) 391-4436

*Attorneys for Anvil Builders*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>KINGSBOROUGH ATLAS TREE SURGERY, INC.<br><br>                       Debtor. | Case No. 25-10088 (WJL)<br><br>Chapter 11<br><br>**OBJECTION OF ANVIL BUILDERS TO MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY [DOC# 110]** |

## I. INTRODUCTION

Anvil incorporates its objections raised at Docket No. 114.

Anvil assumes – but cannot tell because the Motion does not say – that bulk of the equipment to be sold is titled in the name of the Debtor and as such is subject only to liens recorded with the Department of Motor Vehicles and not, for example, subject to the UCC-1s recorded against the Debtor. If that's true (which nobody knows) Anvil has one primary objection to the motion. The Debtor fails to demonstrate that the transaction satisfies Bankruptcy Code § 363(b) concerning the process leading to this sale. In other words, there's no evidence to support a sale at this price to this Buyer. And this record is insufficient for the Motion to be granted.

1

## II. FACTUAL BACKGROUND

The Debtor proposes to sell the following equipment: 2021 Traileze TR-28 Trailer ($45,000); 2017 Trailmax TR-7 Trailer ($3,500); 1-Light-Tower (parts only) and Light Tower ($2,000) (the "Equipment") to JCC Transport ("Buyer") for $50,500. Mot. at 2.

The sale proceeds are to be paid directly to the Debtor other than 2,000 of which would be paid to Commercial Credit Group ("CCG"). The Debtor asserts that CCG has a duly perfected security interest in the equipment that secures a loan to Debtor with a current balance of more than $2,000,000. Mot. at 2. The Debtor does not supply a copy of the security agreement, loan, or UCC-1 as part of the Motion. Nor does it do anything to substantiate CCG's purported security interest.

The Motion does not value the Equipment, nor does the Motion describe any marketing performed by the Debtor whatsoever with respect to the Equipment. The basis for determining the sale is in the best interest of the estate is simply that "The sale of the equipment Debtor no longer needs, will result in lowering Debtor's operating expenses while paying down Debtor's obligation to Commercial Credit Group, with the balance of the sale proceeds to the Debtor to pay creditor claims." Mot. at 2. Without knowing what the Equipment is worth or how the Debtor tried to sell it, nobody can know if this sale is a reasonable deal for the Debtor or not.

## III. GOVERNING LAW

Bankruptcy Code § 363(b) authorizes the non-ordinary course sale of property of the estate following notice and a hearing. "In any sale of estate assets, the ultimate purpose is to obtain the highest price for the property sold." *In re Wilde Horse Enters., Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991). "In approving any sale outside the ordinary course of business, the court must not only articulate a sufficient business reason for the sale, it must further find it is in the best interest of the estate, i.e. it is fair and reasonable, that it has been given adequate marketing, that it has been negotiated and proposed in good faith, that the purchaser is proceeding in good faith, and that it is an "arms-length" transaction." *In re Wilde Horse Enters., Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991).

///

///

2

171850212.1
Case: 25-10088    Doc# 119    Filed: 05/12/25    Entered: 05/12/25 16:23:01    Page 2 of 4

## IV. DISCUSSION

### A. The Sale Does Not Meet The Standard Required By § 363(b)

The Motion is scant on details of the proposed sale and how it came about. Further, these details matter. *In re Wilde Horse Enters., Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991). *First*, the Debtor should be required to explain what connections the Debtor has with the Buyer along with the value of the property being sold and the efforts made to maximize the sale price (i.e., good faith). *Second*, nothing in the Motion explains how this sale reflects a good deal for the Debtor (i.e., fair and reasonable). Indeed, the Motion doesn't even try to say what the Equipment is worth. Rather the whole business reason for the sale is that it purports to liquidate unused Debtor assets. But, that purported business reason answers the wrong question. The right question are: how much is the Equipment worth? What evidence do we have that the Debtor's sale of it on these terms makes sense? Without answers to the right questions, the Bankruptcy Court should not grant the motion.

## V. CONCLUSION

Anvil respectfully suggests that the Motion be denied for failure to meet the standard required by Bankruptcy Code § 363(b).

Date: May 12, 2025

FOX ROTHSCHILD LLP

*/s/ Jack Praetzellis*
Jack Praetzellis

*Attorneys for Anvil Builders*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: OBJECTION OF ANVIL BUILDERS TO MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY [DOC# 110] will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 5/12/25, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jay K Chien    jay.chien@usdoj.gov, Ianthe.V.Rosario@usdoj.gov;katina.umpierre@usdoj.gov
- Michael C. Fallon    mcfallon@fallonlaw.net, manders@fallonlaw.net
- Alan W Forsley    alan.forsley@flpllp.com
- Gabriel P Herrera    gherrera@kmtg.com, bxiong@kmtg.com
- Office of the U.S. Trustee / SR    USTPRegion17.SF.ECF@usdoj.gov
- Jack Praetzellis    jpraetzellis@foxrothschild.com, jack-praetzellis-1683@ecf.pacerpro.com
- Michael A. Sweet    msweet@foxrothschild.com, michael-sweet-6337@ecf.pacerpro.com

**2. SERVED BY UNITED STATES MAIL**: On N/A, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on N/A, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/12/2025 | Kimberly Hoang | /s/ Kimberly Hoang |
|---|---|---|
| Date | Printed Name | Signature |

Active\118534396.v2-1/12/21