MICHAEL C. FALLON, SBN 088313
MICHAEL C. FALLON, JR., SBN 303082
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
mcfallon@fallonlaw.net
fallonmc@fallonlaw.net

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:                                      Case No. 25-10088 WJL

Kingsborough Atlas Tree Surgery, Inc.       Chapter 11

    Debtor.                             DEBTOR'S SUPPLEMENTAL
                                            RESPONSE TO OBJECTION TO SALE
                                            OF PERSONAL PROPERTY

                                            Date:  June 3, 2025
                                            Time:  9:30 am
                                            Ctrm:  1300 Clay Street, Room 220
                                                   Oakland, CA 94612
_____/                Video Conference

    Anvil's objection to the sales, the only objection, needs to be put into perspective.

    In June of 2023, the Debtor entered an Asset Purchase Agreement with Anvil Builders wherein the Debtor agreed to sell its entire business, commercial and residential tree service, to Anvil Builders in consideration for Anvil's agreement to pay the Debtor a percentage of profits. In January of 2025, following Anvil's breach of the Asset Purchase Agreement, the Debtor filed its Complaint for Damages and Injunctive Relief in the Superior Court for the County of Sonoma. The Chapter 11 was filed in February of 2025 to give the Debtor a vehicle to pay the creditors it could not pay due to Anvil's breach.

    The Debtor gave notice of the four proposed sales that total almost $430,000 to the nearly

one hundred creditors and there was no objection. The only party to object was Anvil, the party that caused the Chapter 11 to be filed, and the party who is a defendant in a lawsuit brought by the Debtor that will do what it can to interfere with the Debtor's efforts in this Chapter 11.

Anvil has claimed that it owns the residential customer list the Debtor proposes to sell to Davey Tree that will, if approved, pay $200,000 to further reduce the Debtor's two million dollar debt to Commercial Credit Group. Anvil has made this claim without providing proof that it owns the customer list and without acknowledging that Commercial Credit Group has a security interest in the customer list.

The dispute with Anvil should not hold up sales that benefit the creditors. If Anvil intends to assert an ownership interest in the customer list and to acknowledge Commercial Credit Group's security interest, the solution should be to approve the sale with the disputed claim to attach to the sale proceeds. If Anvil is of the opinion the customer list has a value greater than $200,000 and Anvil wants an opportunity to pay more than $200,000, the Debtor requests that the court set an auction sale.

Similarly, if Anvil is of the opinion the Debtor is selling the equipment at below market and Anvil wants to overbid the sale price at which the equipment has been offered, the Debtor requests that the court set an auction sale.

What Anvil should not be allowed to do is hold up sales that benefits creditors.

Dated: May 30, 2025  /s/ *Michael C. Fallon*

Michael C. Fallon
Attorney for Debtor