MICHAEL C. FALLON, SBN 088313
MICHAEL C. FALLON, JR., SBN 303082
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
mcfallon@fallonlaw.net
fallonmc@fallonlaw.net

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:                                              Case No.  25-10088 WJL

Kingsborough Atlas Tree Surgery, Inc.               Chapter 11

     Debtor.                                       AMENDED MOTION FOR AUTHORITY
                                                    TO SELL PERSONAL PROPERTY
_____/
                                                    Date:   July 1, 2025
                                                    Time:   9:30 am
                                                    Ctrm:   1300 Clay Street, Room 220
                                                            Oakland, CA 94612
                                                            Video Conference

    TO:    COMMERCIAL CREDIT GROUP AND PARTIES IN INTEREST

    Kingsborough Atlas Tree Surgery, Inc. ("Debtor") hereby moves for authority to sell

personal property pursuant to 11 USC § 363(b).

SUMMARY OF RELIEF REQUESTED

    1. This Motion seeks authority to sell three (3) pieces of used equipment (the "Used

Equipment") to JCC Transport at the sale price of $50,500,

JURISDICTION AND VENUE

    2. On February 20, 2025, an order for relief under Chapter 11 of Title 11 of the United

States Code was entered herein. Debtor is a debtor-in-possession.

    3. This Court has subject matter jurisdiction over this matter pursuant to the provisions of

1

28 U.S.C .§§ 1334(b) and 157(b)(2)(A), (M), and (O), 11 U.S.C. § 363. Venue is proper here pursuant to the provisions of 28 U.S.C. § 1409.

THE SALE

A.  Terms of Sale

Debtor has accepted an offer to purchase the following equipment from JCC Transport: 2021 Traileze TR-28 Trailer ($45,000); 2017 Trailmax TR-7 Trailer ($3,500); 1-Light-Tower (parts only) and Light Tower ($2,000).  The sale price is $50,500. The sale proceeds are to be distributed as follows: $2,000 to Commercial Credit Group that has a duly perfected security interest in the equipment that secures a loan to Debtor with a current balance of more than $2,000,000; $48,500 to the Debtor as payment for the unencumbered trailers.

B. Marketing

Todd Eisenhauer ("Eisenhauer"), who has been involved with the purchase and sale of heavy equipment for the past 35 years through TDE Equipment, Inc., a California Corporation formed by him on January 30, 2014, was responsible for marketing and determining the price at which the trailers are to be sold. Eisenhauer has also been buying and selling equipment used in the tree care business for the Debtor for more than 20 years.

The starting point for determining the sale price for the trailers was an appraisal of all of the equipment owned by the Debtor that was started in late 2022 and finished in June of 2023. Eisenhauer considered the wear and tear of the trailers over the last two years and how the depreciation of the trailers affected the value.  Eisenhauer also looked at what similar trailers were available on the market by going to web sites such as Truck Trader and by looking at  the results of auction sales at Ritchie Bros.

Buyer is a business Eisenhauer has worked with over many years that has transported equipment for himself, the Debtor and Anvil Builders, as well as many other customers.

2

In Eisenhauer's opinion, the price at which the Debtor is selling the trailers, is the market value that is more than what might be obtained at an auction sale.

C.  The Sale Is in the Best Interest of the Estate

11 U.S.C. Section 363(b) authorizes a debtor in possession to sell property of the Estate outside the ordinary course of business after notice and hearing. Pursuant to FRBP 6004(f)(1), this sale may be conducted by either private sale or public auction. "The court's obligation in Section 363(b) sales is to assure that optimal value is realized by the estate under the circumstances. The requirement of a notice and a hearing operates to provide both a means of objecting and a method for attracting interest by prospective purchasers. Ordinarily, Bankruptcy courts typically review a transaction proposed under section 363(b)(1) using a "business judgment" standard. *In re Equity Funding Corp. of Am.*, 519 F.2d 1274, 1277 (9th Cir. 1975). This is a "deferential" standard pursuant to which a "bankruptcy court will generally approve" a reasoned decision by the debtor. *Mission Prod. Holdings v. Tempnology*, LLC 139 S. Ct. 1652 at 1658.

The sale of the trailers Debtor owns free and clear that Debtor no longer is using is necessary to getting the unsecured creditors paid.

WHEREFORE, Debtor prays for an order authorizing the sale of the trailers and light tower on the terms set forth above, and for such other and further relief as the court deems proper.

Dated:  June 11,  2025               /s/ *Michael C. Fallon*               
                                     Michael C. Fallon
                                     Attorney for Debtor

3