MICHAEL C. FALLON, SBN 088313
MICHAEL C. FALLON, JR., SBN 303082
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
mcfallon@fallonlaw.net
fallonmc@fallonlaw.net

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:

Kingsborough Atlas Tree Surgery, Inc.

    Debtor.
_____/

Case No. 25-10088 WJL

Chapter 11

NOTICE OF PROPOSED ABANDONMENT OF PERSONAL PROPERTY [11 USC § 554]

TO PARTIES IN INTEREST:

NOTICE IS HEREBY GIVEN that Kingsborough Atlas Tree Surgery, Inc. ("Debtor") intends to abandon personal property, Debtor's residential customer list (the "Customer List"), pursuant to 11USC § 554. Notice of the proposed abandonment is given pursuant to FRBP Rule 6007.

JURISDICTION AND VENUE

1. On February 20, 2025, an order for relief under Chapter 11 of Title 11 of the United States Code was entered herein. Debtor is a debtor-in-possession.

2. This Court has subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C .§§ 1334(b) and 157(b)(2)(A) and (O). Venue is proper here pursuant to the provisions of 28 U.S.C. § 1409.

FACTUAL AND PROCEDURAL BACKGROUND

3. In June of 2023, Debtor entered an Asset Purchase Agreement ("APA") with Anvil

Builders and related entities ("Anvil") wherein Debtor sold its tree care business to Anvil. Anvil contends the sale included Debtor's the Customer List; Debtor disputes this contention.

4. On April 10, 2025, Debtor filed its Motion for Authority to Sell Personal Property wherein Debtor sought authority to sell the Customer List for $200,000, with the sale proceeds to be paid to Commercial Credit Group that holds an undisputed perfected security interest in the Customer List as security for Debtor's nearly $2,000,000 obligation to Commercial Credit Group (Dkt No. 95).

5. Anvil objected to Debtor's sale of the Customer List by asserting, among its several objections, that Debtor did not have the right to sell the Customer List as the Customer List was owned by Anvil.

## ABANDONMENT

6. 11 U.S.C. Section 554 provides that "[a]fter notice an a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The sale of the Customer List Debtor no longer utilizes would pay down Debtor's obligation to Commercial Credit Group that would, combined with future sales of CCG's collateral, create equity that would benefit junior lien holders, as well as the unsecured creditors. However, the cost to litigate Anvil's claim to an ownership interest balanced against the benefit to the estate from the proposed sale renders the Customer List of inconsequential value and benefit to the estate and therefore should be abandoned.

## OPPORTUNITY TO OBJECT

7. FRBP Rule 6007 provides:

> Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States Trustee [and] all creditors...A party in interest may file and serve an objection within 14 days of the mailing of the notice, or within the time fixed by the court.

If there is a timely objection a hearing will be held at 9:30 am on July 1, 2025 in the courtroom of the Honorable William Lafferty, 1300 Clay Street, Room 220, Oakland, CA 94612.

Parties may participate in the hearing by video conference. The procedure for appearing by Tele/Video Conference can be found at www.canb.uscourts.gov.

Dated: June 11, 2025            /s/ *Michael C. Fallon*
Michael C. Fallon
Attorney for Debtor