MICHAEL A. SWEET (SBN 184345)
msweet@foxrothschild.com
JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
NOAH THOMAS (SBN 358134)
nthomas@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, California 94104
Telephone:  (415) 364-5540
Facsimile:  (415) 391-4436

*Attorneys for Anvil Builders*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>KINGSBOROUGH ATLAS TREE SURGERY, INC.<br><br>Debtor. | Case No. 25-10088 (WJL)<br><br>Chapter 11<br><br>**OMNIBUS OBJECTION TO NOTICES OF ABANDONMENT AT DOCKET NUMBERS 152, 153, AND 154** |

## I.  ARGUMENT

Anvil Builders objects[1] to the Debtor's proposed abandonment of purported estate assets filed at Docket Nos. 152[2], 153, and 154.  Two months ago, the Debtor asserted these purported estate assets had value to the estate.  *See, e.g.*, Dkt. No. 97 (sale price of $97,400 used to pay down secured creditor CCG).  Now, somehow, they're a burden on the estate.  Why?  Because the Debtor believes it's too expensive to litigate UCC priority.  *See, e.g.*, Dkt. No. 153 at 2:22-25.  That analysis does not track.  The Debtor is not confronted with a binary choice between a sale and abandonment.

---

[1] Anvil has had preliminary discussions with the Debtor and CCG about these abandonment motions and may agree to withdraw some of its objections.  Nevertheless, to preserve its rights, Anvil files this objection.

[2] Anvil would not oppose the Debtor's request to abandon the Customer List ***if*** the abandonment order recites that the Debtor does not have any interest in the Customer List.  Since the Debtor has asserted that the Customer List is of inconsequential value and/or a burden on the Estate, Anvil submits that it should have no problem with such an order.

1

Bankruptcy Code § 554 provides the standard for abandonment. After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. "The Debtors, as the party seeking abandonment, bear the burden of proving by a preponderance of the evidence that the property has no greater than inconsequential value and is of no benefit to the estate." *In re Lents*, 644 B.R. 479, 491 (Bankr. D.S.C. 2022). Upon abandonment, the property is treated as if no bankruptcy petition was filed. *In re Kreisel*, 399 B.R. 679, 687 (Bankr. C.D. Cal. 2008). In other words, any abandoned property is returned to the debtor to be disposed of without court supervision. Just as with the prior motions, the Debtor has failed to meet its burden.

First, because an asset cannot be disposed of today, doesn't mean it can't be disposed of at some time in the future. Indeed, the Debtor's Plan provides that the equipment will be given to an auctioneer to sell free and clear under Bankruptcy Code § 363(f). Dkt. No. 160 at 6 ("Debtor will employ Grafe Auction Co., as online auctioneer . . . . The liquidation process is expected to take five to seven months [and be] 'free and clear of liens' . . . ."). The Debtor offers no evidence that the proposed auctioneer has evaluated the assets to be sold and concluded they are underwater. To the contrary, the only reason for abandoning these assets is that litigating the UCC issue would be too expensive. *See, e.g.*, Dkt. No. 153 at 2:22-25. In light of the Debtor's representations to the Court and Creditors about its Plan – the free and clear liquidation of all of its assets – the proposed abandonment is completely illogical.

Second, because an asset cannot be disposed of today, doesn't mean it's a burden on the estate. The Debtor has a host of property it is not presently selling, but it does not seek to abandon that property. No, the only property it wants to abandon and remove from the estate is property that its owners have already found a buyer for, but have not justified the sale. The effect of abandonment here would be to remove this property from the Estate. But what good does that do any creditor of the Estate? Anvil submits none. What burden does the Estate suffer by continuing to have whatever interest it has in the assets listed in Docket Nos. 152, 153, and 154? And how is that burden on the Estate any different than retaining the remaining equipment that the Debtor purports to sell via auction? Again, Anvil submits there is no difference.

2

The Debtor failed to justify abandonment here. The Debtor has not demonstrated that any of the purported assets are of merely inconsequential value or provide no benefit to the Estate. Instead, the proposed abandonment would simply reduce the pool of estate assets and transfer them back to the Debtor, now free from Bankruptcy Court supervision. Further, claiming these assets are subject to abandonment directly contradicts the Debtor's own proposed plan, which contemplates auctioning these assets for the benefit of creditors. The Motions should be denied.

Date: June 20, 2025                                FOX ROTHSCHILD LLP


                                                   /s/ Jack Praetzellis
                                                   Jack Praetzellis
                                                   *Attorneys for Anvil Builders*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: OMNIBUS OBJECTION TO NOTICES OF ABANDONMENT AT DOCKET NUMBERS 152, 153, AND 154 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 6/20/25, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jamie P. Dreher    jdreher@downeybrand.com
- Michael C. Fallon    fallonmc@fallonlaw.net, manders@fallonlaw.net
- Michael C. Fallon    mcfallon@fallonlaw.net, manders@fallonlaw.net
- Alan W Forsley    alan.forsley@flpllp.com
- Gabriel P Herrera    gherrera@kmtg.com, bxiong@kmtg.com
- Paul Gregory Leahy    Paul.Leahy@usdoj.gov
- Matthew P. Minser    mminser@sjlawcorp.com
- Office of the U.S. Trustee / SR    USTPRegion17.SF.ECF@usdoj.gov
- Jack Praetzellis    jpraetzellis@foxrothschild.com, jack-praetzellis-1683@ecf.pacerpro.com
- Michael A. Sweet    msweet@foxrothschild.com, michael-sweet-6337@ecf.pacerpro.com
- Philip J. Terry    pjterry@cmprlaw.com, dhayes@cmprlaw.com
- Jennifer C. Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

**2. SERVED BY UNITED STATES MAIL**: On N/A, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on N/A, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/20/2025 | Kimberly Hoang | /s/ Kimberly Hoang |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Active\118534396.v2-1/12/21