GABRIEL P. HERRERA, State Bar No. 287093
gherrera@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for Creditor,
COMMERCIAL CREDIT GROUP INC.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

In re

KINGSBOROUGH ATLAS TREE SURGERY, INC.,

Debtor.

Case No. 25-10088
Chapter 11

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO STIPULATION OF THE PARTIES REGARDING PERSONAL PROPERTY**

Judge: Hon. William J. Lafferty, III
Date: July 1, 2025
Time: 9:30 a.m.
Dept.: Crtrm 220 or via Zoom

Pursuant to 11 U.S.C. § 362(d) and stipulation of debtor in possession KINGSBOROUGH ATLAS TREE SURGERY, INC. ("Debtor") and creditor COMMERCIAL CREDIT GROUP INC. ("Creditor" or "CCG"), CCG hereby moves for an order to allow CCG to enforce its state law rights with respect to the following personal property in which the Debtor seeks to abandon: (a) 2020 Bandit 18XP Chipper (Doc. 153); (b) 2010 Bandit 19XP Chipper (Doc. 153); (c) 2020 Vermeer 42" Log Grappler (Doc. 153); (d) 2020 Felling Equipment Trailer (Doc. 153); (e) 2010 Vermeer SC292 Stump Grinder (Doc. 153); (f) 2017 Caterpillar 208-D Excavator (Doc. 154); (g) 2017 Rotobec Rotating Grapple Attachment (Doc. 154); (h) 2019 Vermeer CTX (Doc. 154); and (i) a residential customer list (Doc. 152) (collectively "Personal Property"). CCG further requests that the stay period provided under Rule 4001 be waived. In support of its motion, CCG recites as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. sections 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. sections 1408 and 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(G). The relief sought is appropriate pursuant to 11 U.S.C. section 362(d).

2. On or about February 20, 2025, the Debtor commenced the above-captioned bankruptcy case by the filing of a Chapter 11 petition. The Debtor is the debtor-in-possession.

3. Among the assets of the Debtor's bankruptcy estate is the Personal Property. The Personal Property is subject to the senior secured claim of CCG which was in the approximate amount of $3,237,288.87 on the petition date. Under the terms of CCG's security agreements, the Debtor pledged to CCG, among other things, a security interest in all of the Debtor's personal property assets, including "all accounts, accounts receivable, chattel paper, contract rights, documents, equipment, fixtures, general intangibles, goods, instruments, securities, deposit accounts, investment property and all other property of whatever nature and kind, wherever located…."

4. On or about June 11, 2025, the Debtor filed three Notices of Proposed Abandonment of Personal Property, seeking to abandon the Personal Property. The Notices of Proposed Abandonment are set to be heard on July 1, 2025. As provided in the Notices of Abandonment, the amount of CCG's secured claim exceeds the value of the Personal Property. The Personal Property is valued at $379,400. (Doc. 152-154.)

5. In the event the Personal Property is abandoned, the parties have agreed that CCG shall have relief from stay to enforce its state law rights with respect to the Personal Property.

## BASIS FOR RELIEF

The Court should provide the Creditor with relief from the automatic stay with respect to the Personal Property. On request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay if, among other reasons, the debtor does not have any equity in such property and such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). A debtor has no equity in property when the liens against the property exceed the

property's value.  *Stewart v. Gurley*, 745 F.2d 1194, 1195 (9th Cir. 1984).  Once a movant under 11 U.S.C. § 362(d)(2) establishes that a debtor or estate has no equity in property, it is the burden of the debtor or trustee to establish that the collateral at issue is necessary to an effective reorganization. 11 U.S.C. § 362(g)(2); *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs. Ltd.*, 484 U.S. 365, 375–76 (1988); 3 COLLIER ON BANKRUPTCY ¶ 362.07[4][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (stating that Chapter 12 debtors are rehabilitated, not reorganized). "Necessary to an effective reorganization" requires "not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is **_essential_** for an effective reorganization *that is in prospect*."  *In re Teresi*, 134 B.R. 392, 398 (Bankr.E.D.Cal. 1991), quoting *United Sav. Ass'n v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. at 375-76 [emphasis added].

      As provided above, the Creditor's secured claim exceeds the value of the Personal Property as acknowledged by the Debtor.  Likewise, the Personal Property is not necessary to an effective reorganization given that the Debtor is seeking to abandon the Personal Property.  Consequently, relief from stay is warranted.

      Given that the relief sought is stipulated to, CCG requests that the stay period provided under Rule 4001 be waived.

      **WHEREFORE,** the Creditor requests that this motion be granted and for such other and further relief as the Court deems necessary and proper.

DATED:  June 20, 2025

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: _____
Gabriel P. Herrera
Attorneys for Creditor,
COMMERCIAL CREDIT GROUP INC.