GABRIEL P. HERRERA, State Bar No. 287093
gherrera@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for Creditor,
COMMERCIAL CREDIT GROUP INC.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

In re

KINGSBOROUGH ATLAS TREE SURGERY, INC.,

Debtor.

Case No. 25-10088
Chapter 11

**APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO STIPULATION OF THE PARTIES REGARDING PERSONAL PROPERTY**

Pursuant to Local Rule 9006-1, Commercial Credit Group Inc. ("Creditor" or "CCG") applies for an order shortening time to hear its motion for relief from stay pursuant to 11 U.S.C. § 362(d) and its stipulation with debtor in possession KINGSBOROUGH ATLAS TREE SURGERY, INC. ("Debtor"). In addition to stipulating for relief, the Debtor has stipulated and agreed to an order shortening time to hear this motion based on the parties' stipulation, particularly since there is a motion to abandon assets set to be heard on the same date and the next hearing date available is in August. In support of its application, CCG recites as follows:

1. On or about February 20, 2025, the Debtor commenced the above-captioned bankruptcy case by the filing of a Chapter 11 petition. The Debtor is the debtor-in-possession.

2. Among the assets of the Debtor's bankruptcy estate is: (a) 2020 Bandit 18XP Chipper (Doc. 153); (b) 2010 Bandit 19XP Chipper (Doc. 153); (c) 2020 Vermeer 42" Log Grappler (Doc. 153); (d) 2020 Felling Equipment Trailer (Doc. 153); (e) 2010 Vermeer SC292 Stump Grinder (Doc. 153); (f) 2017 Caterpillar 208-D Excavator (Doc. 154); (g) 2017 Rotobec Rotating Grapple Attachment (Doc. 154); (h) 2019 Vermeer CTX (Doc. 154); and (i) a residential customer list (Doc.

4910-2899-1567.1 015137.003

1

152) (collectively "Personal Property"). The Personal Property is subject to the senior secured claim of CCG which was in the approximate amount of $3,237,288.87 on the petition date. Under the terms of CCG's security agreements, the Debtor pledged to CCG, among other things, a security interest in all of the Debtor's personal property assets, including "all accounts, accounts receivable, chattel paper, contract rights, documents, equipment, fixtures, general intangibles, goods, instruments, securities, deposit accounts, investment property and all other property of whatever nature and kind, wherever located…."

3. On or about June 11, 2025, the Debtor filed three Notices of Proposed Abandonment of Personal Property, seeking to abandon the Personal Property. The Notices of Proposed Abandonment are set to be heard on July 1, 2025. As provided in the Notices of Abandonment, the amount of CCG's secured claim exceeds the value of the Personal Property. The Personal Property is valued at $379,400. (Doc. 152-154.)

4. In the event the Personal Property is abandoned, the parties have agreed that CCG shall have relief from stay to enforce its state law rights with respect to the Personal Property.

5. Pursuant to Local Rule 9006-1, any request to enlarge or shorten time may be made by stipulation or motion. Here, the Debtor has stipulated and consented to an order shortening time since the abandonment of the Personal Property is to occur (if at all) on July 1, 2025. For judicial efficiency purposes, it makes sense to hear the motions on the same date and at the same time. Moreover, the next hearing date on property notice would be in August 2025, and CCG wants to ensure that it may enforce its state law rights in the event the Personal Property is abandoned.

**WHEREFORE,** the Creditor requests that this application be granted and for such other and further relief as the Court deems necessary and proper.

DATED: June 20, 2025

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: _____
Gabriel P. Herrera, Attorneys for Creditor,
COMMERCIAL CREDIT GROUP INC.