Teresa L. Polk (SBN 111975)
**SMTD LAW LLP**
17901 Von Karman Ave., Ste. 500
Irvine, CA 92614
(949) 537-3800
tp@smtdlaw.com

Attorneys for Creditor
EVEREST REINSURANCE COMPANY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>KINGSBOROUGH ATLAS TREE SURGERY, INC.<br><br>Debtor. | Case No.: 25-10088 (WJL)<br><br>Chapter 11<br><br>**CREDITOR EVEREST REINSURANCE COMPANY'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING APPROVAL OF DISCLOSURE STATEMENT**<br><br>**Hearing Information**<br>Date:     August 5, 2025<br>Time:     9:30 a.m.<br>Location: 1300 Clay St., Courtroom 220<br>              Oakland, California |

Creditor Everest Reinsurance Company ("Everest"), by and through its undersigned counsel, hereby files this Limited Objection to and Reservation of Rights regarding the Disclosure Statement in Support of Debtor's Plan of Reorganization [Docket No. 160] (the "Disclosure Statement") describing the Debtor's Plan of Reorganization [Docket No. 161] (the "Plan"), and respectfully states as follows:

### INTRODUCTION

Everest executed surety bonds on behalf of the Debtor in the total penal sum of $24,037,962.25 in exchange for the Debtor's execution of an Agreement of Indemnity ("Indemnity Agreement"). As consideration for and to induce Everest to execute the bonds, the Debtor agreed

to exonerate, indemnify, and hold harmless Everest from and against all liabilities, losses, costs, damages, and expenses, including, but not limited to attorneys' fees, incurred by Everest by reason of Everest's having executed any surety bond for the Debtor, as well as any expenses incurred by Everest in enforcing its rights under the Indemnity Agreement. Pursuant to the Indemnity Agreement, the Debtor assigned as collateral to Everest all of its rights, title and interest in and growing out of the Debtor's property identified in paragraph 3 of the Indemnity Agreement and the proceeds thereof (the "Collateral"). Paragraph 5 of the Indemnity Agreement provides that the Indemnity Agreement is a security agreement to Everest and a financing statement covering the Collateral.

Everest perfected its security interest in the Debtor's property by filing a UCC-1 Financing Statement on January 30, 2025.

Despite a pre-petition demand, the Debtor failed and refused to post collateral with Everest. Everest has incurred losses and remains further exposed to potential losses up to the penal limit of the bonds.

Everest filed a timely bankruptcy claim as Claim No. 66 on June 26, 2025 in the amount of $24,037,962.25 secured by a lien on the collateral described in the indemnity agreement as perfected by the UCC-1 financing statement, which were attached to the proof of claim. The deadline to file claims was June 30, 2025.

On June 18, 2025, before the last day to file claims, the Debtor filed a disclosure statement (Docket #160) and a Proposed Plan of Reorganization (Docket #161). The Disclosure Statement sets up classes of claims based on the claims by specific creditors, but there is no class of claims for creditors such as Everest that filed a timely claim after June 18, 2025. Moreover, the Disclosure Statement does not address the assets that are the security for Everest's claim under the indemnity agreement and UCC-1.

**LIMITED OBJECTION**

1. Everest objects to the Disclosure Statement because it is silent regarding the Debtor's treatment of Everest's secured claim, as asserted on the Debtor's Claims Register, nor does the Disclosure Statement offer any discussion concerning that omission. The Plan and

Disclosure Statement provide that "[t]he undisputed [secured] claims of Classes 1 – 10 will be paid in full" upon the planned sale of the Debtor's equipment, but Everest is excluded from classification and treatment as a secured creditor. *See* Claim No. 66. Everest's claim correlates to its UCC filing, which is publicly accessible through a UCC search on the California Secretary of State website. The Plan and Disclosure Statement also omit reference to other timely filed claims, and should be amended to address those claims.

2. The Disclosure Statement does not provide "adequate information" as required by 11 U.S.C. § 1125 for Everest to consider and evaluate the Plan. Specifically, the Disclosure Statement does not include any information, let alone "adequate information", with respect to the Bonds, the Indemnity Agreement, or how the Debtor's ongoing obligations under the Indemnity Agreement will be treated. The Disclosure Statement does not provide adequate information as to how the Debtor intends to address its financial and contractual obligations to Everest in the interim period post-Confirmation and pre-Effective Date. To the extent the Indemnity Agreement is presumed to "pass through" bankruptcy in full force and effect, unmodified and unimpaired by the Plan, it is unclear what priority Everest's claim will have. It appears, instead, that the assets securing Everest's claim are to be auctioned with no provision for the proceeds of the auction to be paid to Everest. The Debtor appears to be liquidating, not reorganizing, leaving no provision for a passthrough claim to be recovered after the bankruptcy.

## RESERVATION OF RIGHTS

3. Everest does not waive any, and expressly reserves all, of its rights, defenses, limitations and/or claims under its Bonds, Indemnity Agreement, applicable law or otherwise. Further, Everest reserves all of its rights to raise the issues contained in this Objection and any other related issues in any contested matter and/or adversary proceeding including, without limitation, objections to confirmation of the Plan. Everest reserves its rights to amend, modify or supplement this Objection in response to, or as a result of, any discovery being conducted in connection with confirmation of the Plan and/or other submission in connection with the Plan or this bankruptcy case filed by any other party in interest. Finally, Everest reserves its right to adopt any other objections to approval of the Disclosure Statement filed by any other party in interest.

4. Everest requests that it be permitted to reserve the right to supplement this Limited Objection at a or prior to the hearing or continued hearing on the Disclosure Statement, and at any other appropriate subsequent time.

## **CONCLUSION**

5. Everest respectfully submits that the Disclosure Statement fails to provide adequate information about material aspects of the Plan and fails to disclose material risk factors associated with the Plan concerning the treatment of Everest's Bonds, Indemnity Agreement, and the Debtor's obligations related thereto. As a result, the Disclosure Statement does not satisfy the minimum standards required by section 1125 of the Bankruptcy Code, and should not be approved in its current form unless modified to address the concerns expressed in this Objection.

For the foregoing reasons, Everest respectfully requests that the Court enter an order (i) disapproving the Disclosure Statement; and (ii) granting Everest such other and further relief as is just and appropriate under the circumstances.

Dated: July 31, 2025                    **SMTD LAW LLP**

By:    /s/ Teresa L. Polk
       Teresa L. Polk
       Attorney for Creditor
       EVEREST REINSURANCE COMPANY

PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 17901 Von Karman Avenue, Suite 500, Irvine, California 92614.

A true and correct copy of the foregoing documents entitled CREDITOR EVEREST REINSURANCE COMPANY'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING APPROVAL OF DISCLOSURE STATEMENT will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 31, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jamie P. Dreher    jdreher@downeybrand.com
- Michael C. Fallon    fallonmc@fallonlaw.net, manders@fallonlaw.net
- Michael C. Fallon    mcfallon@fallonlaw.net, manders@fallonlaw.net
- Alan W Forsley    alan.forsley@flpllp.com
- Gabriel P Herrera    gherrera@kmtg.com, bxiong@kmtg.com
- Paul Gregory Leahy    Paul.Leahy@usdoj.gov
- Matthew P. Minser    mminser@sjlawcorp.com
- Office of the U.S. Trustee / SR    USTPRegion17.SF.ECF@usdoj.gov
- Jack Praetzellis    jpraetzellis@foxrothschild.com, jack-praetzellis-1683@ecf.pacerpro.com
- Michael A. Sweet    msweet@foxrothschild.com, michael-sweet-6337@ecf.pacerpro.com
- Philip J. Terry    pjterry@cmprlaw.com, dhayes@cmprlaw.com
- Jennifer C. Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

2.  **SERVED BY UNITED STATES MAIL**: On N/A, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on N/A, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 31, 2025 | Teresa L. Polk | /s/ Teresa L. Polk |
|---|---|---|
| Date | Printed Name | Signature |