MICHAEL A. SWEET (SBN 184345)
msweet@foxrothschild.com
JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
NOAH THOMAS (SBN 358134)
nthomas@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, California 94104
Telephone: (415) 364-5540
Facsimile: (415) 391-4436

*Attorneys for Anvil Builders, Inc.*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>KINGSBOROUGH ATLAS TREE SURGERY, INC.<br><br>Debtor. | Case No. 25-10088 (WJL)<br><br>Chapter 11<br><br>**ANVIL BUILDERS' STATUS CONFERENCE STATEMENT**<br><br>Date: August 5, 2025<br>Time: 9:30 am<br>Location: 1300 Clay Street, Courtroom 220<br>Oakland, CA |

Anvil Builders, Inc. ("Anvil"), a creditor in the above-captioned case, respectfully submits this Status Conference Statement.[1]

### I. BACKGROUND AND PROCEDURAL POSTURE

The Debtor previously filed a motion to approve the sale of estate equipment and sought approval of its disclosure statement. Anvil filed objections to both, raising significant concerns regarding the administration of the estate and the propriety of the proposed transactions. *See* Dkt. No. 227 (JCC sale objection); Dkt. No. 225 (disclosure statement objection). Following Anvil's objections, the Debtor took both off calendar. Dkt. No. 246, Dkt. No. 247.

---

[1] Anvil was not aware of a status conference in the main case and does not see that a status conference in the main case on the Court's calendar. However, since the Debtor filed a status conference statement, Anvil assumes a status conference will be held.

1

175205405.5

Since the objections, the Debtor's equity holders and current DIP management, Richard and Cindy Kingsborough, have themselves, filed a separate Chapter 11 case. Bankr. N.D. Cal. Case No. 25-bk-10461. The Debtor has indicated that joint administration of the two cases may be sought due to the overlap of personal guarantees. *See* Dkt. No. 248. This development further complicates the estate's administration and heightens concerns regarding conflicts of interest, transparency, and the proper stewardship of estate assets.

## II. BUYER'S PREMIUM ISSUE

Anvil remains concerned about the Debtor's practice of permitting the payment of a 10% "buyer's premium" or commission to Mr. Todd Eisenhauer, a longtime friend and former employee of the Debtor's principals, in connection with the sale of estate assets.

Discovery revealed that Mr. Eisenhauer received 10% commission on certain sales, with the Debtor's full knowledge and consent, but without disclosure to the Court or creditors and without Court approval. The payment was not disclosed in the sale motion or supporting declarations, and the Debtor's principal, Cindy Kingsborough, confirmed the Debtor knew of these commissions prior to filing the sale motions. *See* Dkt. No. 227 at 3-4.

Such commissions constitute property of the estate under 11 U.S.C. § 541(a)(6) and should not be paid without full disclosure and Court approval. *See* Dkt. No. 227 at 2-3 (legal discussion). The practice of diverting estate proceeds in this manner is and was improper, reduced recoveries to creditors, and raises serious questions about the Debtor's fulfillment of its fiduciary duties as a DIP.

## III. CONCERNS REGARDING PLAN CONFIRMABILITY

The issues surrounding the buyer's premium are symptomatic of broader concerns regarding the confirmability of any plan the Debtor may propose. As set forth in Anvil's disclosure statement objection (Dkt. Nos. 225), the Debtor's plan and disclosure statement suffers from numerous fatal deficiencies. Primary among them is that, at bottom, any plan here is a visionary scheme premised on speculative litigation recoveries and the liquidation of remaining assets, with no meaningful analysis of feasibility or administrative costs.[2] *See* Dkt. No. 225 at 16-17.

---

[2] To borrow from Admiral James Stockdale's memorable quote from the 1992 Vice Presidential debate: Who are we, and what are we doing here?

2
1752205405.5
Case: 25-10088    Doc# 249    Filed: 08/04/25    Entered: 08/04/25 14:47:08    Page 2 of 4

The recent filing of a separate Chapter 11 case by the Debtor's equity holders and current management only exacerbates these concerns, as it raises additional questions regarding conflicts of interest, concerns over management's ability to appropriately administer the estate, and the potential for improper insider benefit at the expense of creditors.

## IV. INTERFERENCE WITH PG&E CONTRACT

On or about the same day that the Debtor filed its status conference statement, Anvil learned that the Debtor – through the Kingsboroughs – submitted a $6.4 million dollar stop payment notice to PG&E purportedly covering the time period June 2023 and June 2025. Anvil believes the stop payment notice is without merit. Anvil will be investigating and responding as appropriate.

For purposes of the status conference, Anvil questions why this previously unscheduled claim is being raised at this late stage in the Debtor's Chapter 11 case. Even if valid – which Anvil disputes – raising it on the heels of the Kingsborough's own bankruptcy case, calls into question the appropriateness of a DIP.

## V. CONCLUSION

In light of the undisclosed buyer's premium paid – and the apparent misconduct relating to PG&E – Anvil remains concerned about whether the Debtor should remain a DIP. Further, based on the Debtor's conduct and proposed plan, Anvil questions whether the case should remain in chapter 11 at all.

Date:  August 4, 2025　　　　　　　　　　　　　　　FOX ROTHSCHILD LLP

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Jack Praetzellis*
　　　　　　　　　　　　　　　　　　　　　　　　　　Jack Praetzellis
　　　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Anvil Builders, Inc.*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: ANVIL BUILDERS' STATUS CONFERENCE STATEMENT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 8/04/25, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jamie P. Dreher    jdreher@downeybrand.com
- Michael C. Fallon    fallonmc@fallonlaw.net, manders@fallonlaw.net
- Michael C. Fallon    mcfallon@fallonlaw.net, manders@fallonlaw.net
- Alan W Forsley    alan.forsley@flpllp.com
- Gabriel P Herrera    gherrera@kmtg.com, bxiong@kmtg.com
- Paul Gregory Leahy    Paul.Leahy@usdoj.gov
- Matthew P. Minser    mminser@sjlawcorp.com
- Office of the U.S. Trustee / SR    USTPRegion17.SF.ECF@usdoj.gov
- Jack Praetzellis    jpraetzellis@foxrothschild.com, jack-praetzellis-1683@ecf.pacerpro.com
- Michael A. Sweet    msweet@foxrothschild.com, michael-sweet-6337@ecf.pacerpro.com
- Philip J. Terry    pjterry@cmprlaw.com, dhayes@cmprlaw.com
- Jennifer C. Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

**2. SERVED BY UNITED STATES MAIL**: On N/A, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on N/A, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/04/2025 | Kimberly Hoang | /s/ Kimberly Hoang |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Active\118534396.v2-1/12/21