GABRIEL P. HERRERA, State Bar No. 287093
*gherrera@kmtg.com*
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for Creditor,
COMMERCIAL CREDIT GROUP INC.

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>KINGSBOROUGH ATLAS TREE SURGERY, INC.,<br><br>        Debtor. | Case No. 25-10088<br>Chapter 11<br><br>**DECLARATION OF GABRIEL P. HERRERA IN SUPPORT OF RESPONSE TO DEBTOR'S MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE**<br><br>Judge:    Hon. William J. Lafferty, III<br>Date:     December 17, 2025<br>Time:    10:30 am.<br>Dept.:   Crtrm 220, Oakland, CA<br>          or via Zoom |

I, Gabriel P. Herrera, declare as follows:

1. I am an attorney duly authorized to practice law in the State of California and a shareholder of Kronick Moskovitz Tiedemann & Girard, counsel for creditor Commercial Credit Group Inc. ("Creditor") in the above-captioned case. I have personal knowledge of all facts stated herein. If called as a witness, I could and would competently testify to all matters stated herein unless otherwise specified. I make this declaration in support of the Creditor's response to Debtor's motion for appointment of Chapter 11 trustee.

2. The docket reflects that on or about February 20, 2025, the Debtor commenced the above-captioned bankruptcy case by the filing of a Chapter 11 petition. The Debtor is the debtor-in-possession.

Case: 25-10088   Doc# 317-1   Filed: 12/03/25   Entered: 12/03/25 10:26:44   Page 1 of 3

4939-0791-5387.1 015137.003      1

3. The Debtor's schedules identify the Debtor's interest in various equipment and titled vehicles ("Personal Property"). The Debtor does not dispute that the Creditor has a blanket security interest against the assets of the Debtor, including the Personal Property.

4. On or about March 31, 2025, the Debtor appeared at its 341 meeting of creditors. The Debtor, through its owner, testified that: (a) the Debtor is not operating a business; (b) it does not intend on operating a business in the future; and (c) its only intention for the future is to litigate claims against Anvil Builders, Inc. ("Anvil"), it entered into an asset purchase agreement in June of 2023.

5. The docket reflects that on or about June 18, 2025, the Court entered an order authorizing the sale of a 2021 Vermeer HG6800TX Horizontal Grinder with Dolly. However, I understand that the sale was never consummated.

6. The docket further reflects that on or about July 8, 2025, the Court entered orders authorizing the sale of various equipment, including a 2020 Bandit 18XP Chipper, a 2010 Bandit 19XP Chipper, a 2020 Vermeer 42" Log Grappler, a 2020 Vermeer Rotating Grappler, a 2020 Felling Equipment Trailer, a 2010 Vermeer SC 292 Stump Grinder, a 2017 Caterpillar 208-D Excavator, a 2017 Rotobec Rotating Grapple Attachment, and a 2019 Vermeer CTX. However, I understand these sales were also never consummated.

7. The docket reflects that on or about September 18, 2025, the Court entered an order granting the Debtor's motion to sell various titled personal property assets by auction.

8. On or about September 30, 2025, the Debtor filed another motion to sell the estate's interest in various other personal property assets by auction ("Motion"). As explained in the Motion, the Creditor and the Debtor agreed to a reserve price for each piece of the Creditor's specific collateral. If the reserve prices were met, the proceeds were anticipated to result in the payoff of the Creditor's secured claim including interest and legal expenses through the date of payment.

9. The docket reflects that on or about November 4, 2025, the Court entered an order granting the Motion. To date, it is unclear whether any auction has taken place or the result of any auction.

///

10. The Creditor believes it would be in the best interest of creditors and the estate if the case were converted to Chapter 7 as opposed to appointing a Chapter 11 trustee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed December 3, 2025, at Sacramento, California.

_____
Gabriel Herrera