Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-840-4199
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for Janina M. Hoskins,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

In re

KINGSBOROUGH ATLAS
TREE SURGERY INC.,

Debtor.

Case No. 25-10088 WJL
Chapter 11
Hon. William J. Lafferty

Date: March 18, 2026
Time: 10:30 a.m.
Place: 1300 Clay Street
Courtroom 220
Oakland, CA 94612
Or Via Zoom Webinar or
AT&T Teleconference

### MOTION FOR ORDER CONVERTING CASE TO CHAPTER 7

Janina M. Hoskins, Chapter 11 Trustee of the estate of the above Debtor, hereby moves the Court for an order converting the above Chapter 11 case to a Chapter 7 case under 11 U.S.C. § 1112(a) and (b) for cause. The Trustee believes that conversion is in the best interest of creditors.

The Debtor filed a voluntary petition for reorganization under chapter 11 of the Bankruptcy Code on February 20, 2025. On November 14, 2025, the Debtor filed a motion for an order appointing a Chapter 11 trustee [Docket No. 312]. Other than the request of one party-in-interest that the Court convert the case to Chapter 7 case instead, the motion was not opposed. The Court granted the motion. Janina M. Hoskins was subsequently appointed Chapter 11 trustee.

The Debtor does not have an active business. When the Trustee was appointed, the Debtor was in the process of liquidating its tangible assets through a court-appointed auctioneer. The

auction has been conducted in phases. Much equipment and many vehicles have been sold. Others remain to be sold; another auction is scheduled for early March 2026. Absent a compelling reason to schedule another auction after the one scheduled in early March, it is likely the remaining tangible items will be abandoned or surrendered to secured creditors.

If the Court grants this motion and Ms. Hoskins is appointed Chapter 7 trustee, she intends to continue the engagement of the Debtor's auctioneer to complete any remaining sales until the remaining assets are sold, surrendered to secured creditors, or abandoned.

In addition to tangible personal property, the estate holds cash proceeds from sales of equipment, funds collected from accounts receivable, and claims against third parties. The funds that were held in the Debtor's debtor-in-possession accounts have been turned over to the Trustee and have been deposited in three estate accounts which is the same manner in which the Debtor held the funds.

Information provided by the Debtor indicated that funds in one account are subject to a claim of ownership by Anvil Builders, which is the subject of Adversary Proceeding No. 25-01023 WJL, and that funds held in a second account are proceeds of accounts receivable that are subject to a lien in favor of Commercial Credit Group. However, it is not clear that the funds in the two accounts have been segregated from each other or from other funds. The Trustee is in the process of determining which funds are accounts receivable that are subject to the lien of Commercial Credit Group, which funds are subject to Anvil Builders' claim of ownership, and which funds are not encumbered (*e.g.*, proceeds of certain vehicle sales) and belong to the estate.

The Debtor's motion for appointment of a Chapter 11 trustee and its expressed intent to liquidate its assets made clear that there was no intent on the Debtor's part to reorganize itself to continue in business. The Trustee sees no advantage in keeping the case in a Chapter 11 case. The assets can be liquidated in a Chapter 7 case as easily as in a Chapter 11 case. In addition, conversion of the case to Chapter 7 will reduce administrative expense.

The Trustee hereby moves the Court for an order converting the case to Chapter 7, effective March 19, 2026, at 12:01 a.m.

DATED: February 13, 2026          RINCON LAW, LLP


By: */s/Charles P. Maher*
    Charles P. Maher
    Counsel for Janina M. Hoskins,
    Chapter 11 Trustee