Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-840-4199
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for Janina M. Hoskins,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

In re

KINGSBOROUGH ATLAS
TREE SURGERY INC.,

Debtor.

Case No. 25-10088 WJL
Chapter 11
Hon. William J. Lafferty

Date: March 18, 2026
Time: 10:30 a.m.
Place: 1300 Clay Street
Courtroom 220
Oakland, CA 94612
Or Via Zoom Webinar or
AT&T Teleconference

**DECLARATION OF JANINA M. HOSKINS IN SUPPORT OF
MOTION FOR ORDER CONVERTING CASE TO CHAPTER 7**

I, Janina M. Hoskins, declare as follows:

1. I am informed and believe that the above Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code on February 20, 2025. I am further informed and believe that, at the time the Debtor filed its voluntary petition, it was not actively engaged in the business it had operated for many years in Sonoma County.

2. Based on my review of the docket in the case, I am informed and believe that, on November 14, 2025, the Debtor filed a motion for appointment of a Chapter 11 trustee [Docket No. 312] and on December 26, 2025, the Court entered an order granting the motion [Docket No. 324].

3. On motion of the United States Trustee [Docket No. 325], the Court entered an order approving my appointment as Chapter 11 Trustee on December 31, 2025 [Docket No. 327].

4. Based on my review of the docket, it appears that beginning early in the Chapter 11 case, numerous secured creditors filed motions for relief from the automatic stay to permit them to foreclose on their collateral. Included among those secured creditors were Ford Motor Credit, Mitsubishi, Ally Bank, and Commercial Credit Group.

5. The Debtor obtained authority to employ Grafe Auction Company in Minnesota to sell its large and small equipment and its vehicles.

6. I infer from the Debtor's efforts to sell tangible personal property that (a) it did not intend to reorganize as an active business, and (b) that it was of the opinion that there was excess value over the debt secured by the collateral and that a distribution to general creditors was possible.

7. The auction process had been set in motion before the Court ordered the appointment of a Chapter 11 trustee. I am informed and believe that two auctions had been completed by that time, leaving a third auction with remaining equipment and vehicles to be sold. That third auction is likely to take place in the first week of March 2026.

8. Upon my appointment I communicated with Grafe Auction Company and concluded that it was well qualified to liquidate the estate's tangible assets and that there was no reason not to continue to retain it for that purpose.

9. Other than sale of tangible assets, collection of accounts receivable that might be outstanding, and litigation of affirmative claims, the Debtor is not actively engaged in business and remaining in Chapter 11 is not necessary to accomplish these tasks.

10. In my opinion, creditors will not be well served by maintaining the case in Chapter 11. I believe that conversion of the case to a Chapter 7 liquidation is in the best interest of the estate and all of its creditors. Conversion of the case to Chapter 7 will eliminate the expense of formulating and confirming a Chapter 11 plan and will avoid the necessity of paying what could be substantial United States Trustee quarterly fees.

/ / /

/ / /

I declare under penalty of perjury that the above statements are true and that if called as a witness I could and would testify to their truthfulness. This declaration is executed on the 13th day of February 2026 in Middletown, California.

*/s/Janina M. Hoskins*
Janina M. Hoskins