Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-840-4199
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for Janina M. Hoskins,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

In re

KINGSBOROUGH ATLAS
TREE SURGERY INC.,

Debtor.

Case No. 25-10088 WJL
Chapter 11
Hon. William J. Lafferty

Date: March 18, 2026
Time: 10:30 a.m.
Place: 1300 Clay Street
Courtroom 220
Oakland, CA 94612
Or Via Zoom Webinar or
AT&T Teleconference

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ORDER CONVERTING CASE TO CHAPTER 7**

Janina M. Hoskins, Chapter 11 Trustee of the estate of the above Debtor, files this memorandum of points and authorities in support of her motion for an order converting the above case to a Chapter 7 case under 11 U.S.C. §§ 1112(a) and (b) for cause. The Trustee believes that conversion is in the best interest of creditors.

I.    STATEMENT OF FACTS

The Debtor filed a voluntary petition for reorganization under chapter 11 of the Bankruptcy Code on February 20, 2025. On November 14, 2025, the Debtor filed a motion for an order appointing a Chapter 11 trustee [Docket No. 312]. Other than the request of one party-in-interest

Case: 25-10088   Doc# 339-2   Filed: 02/13/26   Entered: 02/13/26 10:46:40   Page 1 of 5

that the Court convert the case to Chapter 7 case instead, the motion was not opposed. The Court granted the motion. Janina M. Hoskins was subsequently appointed Chapter 11 trustee.

The Debtor does not have an active business. When the Trustee was appointed, the Debtor was in the process of liquidating its tangible assets through a court-appointed auctioneer. The auction has been conducted in phases. Much equipment and many vehicles have been sold. Others remain to be sold; another auction is scheduled for early March 2026. Absent a compelling reason to schedule another auction after the one scheduled in early March, it is likely the remaining tangible items will be abandoned or surrendered to secured creditors.

If the Court grants this motion and Ms. Hoskins is appointed Chapter 7 trustee, she intends to continue the engagement of the Debtor's auctioneer to complete any remaining sales until the assets are sold, surrendered to secured creditors, or abandoned.

In addition to tangible personal property, the estate holds cash proceeds from sales of equipment, outstanding accounts receivable, proceeds of collected accounts receivable, and claims against third parties. The funds that were held in the Debtor's debtor-in-possession accounts have been turned over to the Trustee and have been deposited in three estate accounts which is the same manner in which the Debtor held the funds.

Information provided by the Debtor indicated that funds in one account are subject to a claim of ownership by Anvil Builders, which is the subject of Adversary Proceeding No. 25-01023 WJL, and that funds held in a second account are proceeds of accounts receivable that are subject to a lien in favor of Commercial Credit Group. However, it is not clear to the Trustee that the funds in the two accounts have been segregated from each other or from other funds. The Trustee is in the process of determining which funds are accounts receivable that are subject to the lien of Commercial Credit Group, which funds are subject to Anvil Builders' claim of ownership, and which funds are not encumbered (*e.g.*, proceeds of certain vehicle sales) and belong to the estate.

The Debtor's motion for appointment of a Chapter 11 trustee and its expressed intent to liquidate its assets made clear that there was no intent on the Debtor's part to reorganize itself to continue in business. The Trustee sees no advantage in keeping the case in a Chapter 11 case. The assets can be liquidated in a Chapter 7 case as easily as in a Chapter 11 case. Conversion of the case

to Chapter 7 will avoid incurring the expense of formulating and confirming a Chater 11 plan and payment of quarterly fees to the United States Trustee. Liquidation of remaining assets and litigation of any affirmative claims can be accomplished in a Chapter 11 case as well as in a Chapter 11 case.

**II.  STANDARD FOR CONVERSION TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b)**

Section 1112(b) of the Bankruptcy Code enunciates the standard for converting a Chapter 11 case to a Chapter 7 case. Section 1112(b) lists 16 illustrative examples of "cause" for conversion of the case to a Chapter 7 case. *In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 560 (Bankr. M.D. Penn. 2007). The list is not exclusive. The Court is empowered under Section 1112(b) "to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." *Derivium Capital, LLC v. United States Trustee*, 2006 U.S. Dist. Lexis 31427, Note 23 (S.D.N.Y. 2006).

If one of the enumerated examples set forth in Section 1112(b)(4) is proven by the moving party by a preponderance of the evidence, the Court must find that the moving party has established cause under Section 1112(b)(1). A. Resnick, H. Sommer, 7 COLLIER ON BANKRUPTCY § 1112.04[4] (16th Ed. 2016). However, the mandatory language of Section 1112(b)(1) is tempered by the language in subsection (2) which provides that the "court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate," and the court finds that the debtor or another party-in-interest establishes that there is a reasonable likelihood that a plan will be confirmed and that there is a reasonable justification for any act or omission that constitutes grounds for converting the case and the act or omission will be cured within a reasonable period of time. *In re New Rochelle Telephone Corp.*, 397 B.R. 633 (Bankr. E.D.N.Y. 2008). The Trustee is not aware of any unusual circumstances that would weigh in favor of maintaining the case in Chapter 11.

The primary factor in Section 1112(b) that militates in favor of converting the above case is Section 1112(b)(4(A), substantial or continuing loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. The Debtor initiated the process of liquidating all of his tangible assts months before the Trustee was appointed and the majority of the proceeds of sale

belong to its primary secured creditor, Commercial Credit Group. The likelihood of a substantial distribution to general unsecured creditors seems low at this time, absent success in presently pending litigation (the outcome of which is at best uncertain). Leaving the case in Chapter 11 serves no obvious purpose.

Creditors need not incur the added time and expense of confirmation hearing on a plan they believe cannot be effectuated. *In re Woodbrook Assocs.*, 19 F 3d. 312, 317 (7th Cir. 1994).

> The authors of the Code well understood the impact of the filing of the case, and the potential for loss to those financially involved with the debtor. Substantial and significant provisions of the Code were created to protect the many diverse interests that surface at the outset of a case . . . . The intent of the Code was to provide rules of fairness and equity to govern, adjust, and balance these conflicting rights, to prevent the debtor's continued use, enjoyment and exploitation of property and assets essential to rehabilitation, but on terms which protect the rights of others . . . . Moreover, the Code structured an arena in which to litigate these matters expeditiously and efficiently at the outset of the case.

*In re Victory Constr. Co., Inc.*, 9 B.R. 549, 558-59 (Bankr. C.D. Cal. 1981).

The tasks that need to be accomplished in this case can be accomplished as easily in a Chapter 7 case as in a Chapter 11 case and at less expense.

## III. CONVERSION IS IN THE BEST INTEREST OF THE ESTATE AND ITS CREDITORS

In the Trustee's opinion, leaving the case in Chapter 11 will not benefit unsecured creditors. Sales of assets and litigation can be accomplished in a Chapter 7 case as well as in a Chapter 11 case and without the payment of large quarterly United States Trustee fees based on distributions. Litigation can be conducted in a Chapter 7 case as well as in a Chapter 11 case. There is no benefit to creditors in confirmation of a Chapter 11 reorganization plan and the cost of confirmation cannot be justified.

/ / /

/ / /

/ / /

## IV. CONCLUSION

The Trustee believes that conversion of the case to a Chapter 7 liquidation is in the best interests of the estate and its creditors. The Trustee moves the Court for an order converting the case to Chapter 7, effective March 19, 2026, at 12:01 a.m.

DATED: February 13, 2026          RINCON LAW, LLP


By: */s/Charles P. Maher*
Charles P. Maher
Counsel for Janina M. Hoskins,
Chapter 11 Trustee