Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-840-4199
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for Janina M. Hoskins,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>KINGSBOROUGH ATLAS<br>TREE SURGERY INC.,<br><br>    Debtor. | Case No. 25-10088 WJL<br>Chapter 11<br>Hon. William J. Lafferty<br><br>Date: March 18, 2026<br>Time: 10:30 a.m.<br>Place: 1300 Clay Street<br>        Courtroom 220<br>        Oakland, CA 94612<br>        Or Via Zoom Webinar or<br>        AT&T Teleconference |

**CHAPTER 11 TRUSTEE'S REPORT AND RECOMMENDATION
UNDER 11 U.S.C. § 1106(a)(5)**

Janina M. Hoskins, Chapter 11 Trustee of the estate of the above Debtor, files this report and recommendation under 11 U.S.C. § 1106(a)(5).

In November 2025, the Debtor filed a motion for the appointment of a Chapter 11 trustee. No party in interest objected to the appointment; however, one party in interest, Anvil Builders, Inc., requested that the Court convert the case to Chapter 7 instead of appointing a Chapter 11 trustee. By order dated December 26, 2025, the Court ordered the appointment of a Chapter 11 trustee. The appointment of Janina M. Hoskins as Chapter 11 Trustee was confirmed by order dated December 31, 2025.

The Debtor does not have an active business. When the Trustee was appointed, the Debtor was in the process of liquidating its tangible assets through a court-appointed auctioneer. The

auction has been conducted in phases. Much equipment and many vehicles have been sold. Others remain to be sold; another auction is scheduled for early March 2026. Absent a compelling reason to schedule another auction after the one scheduled in early March, it is likely the remaining tangible items will be abandoned or surrendered to secured creditors.

If the Court grants this motion and Ms. Hoskins is appointed Chapter 7 trustee, she intends to continue the engagement of the Debtor's auctioneer to complete any remaining sales until the assets are sold, surrendered to secured creditors, or abandoned.

In addition to tangible personal property, the estate holds cash proceeds from sales of equipment, outstanding accounts receivable, proceeds of collected accounts receivable, and claims against third parties. The funds that were held in the Debtor's debtor-in-possession accounts have been turned over to the Trustee and have been deposited in three estate accounts which is the same manner in which the Debtor held the funds.

Information provided by the Debtor indicated that funds in one account are subject to a claim of ownership by Anvil Builders, which is the subject of Adversary Proceeding No. 25-01023 WJL, and that funds held in a second account are proceeds of accounts receivable that are subject to a lien in favor of Commercial Credit Group. However, it is not clear to the Trustee that the funds in the two accounts have been segregated from each other or from other funds. The Trustee is in the process of determining which funds are accounts receivable that are subject to the lien of Commercial Credit Group, which funds are subject to Anvil Builders' claim of ownership, and which funds are not encumbered (*e.g.*, proceeds of certain vehicle sales) and belong to the estate.

The Debtor's motion for appointment of a Chapter 11 trustee and its expressed intent to liquidate its assets made clear that there was no intent on the Debtor's part to reorganize itself to continue in business. The Trustee sees no advantage in keeping the case in a Chapter 11 case. The assets can be liquidated in a Chapter 7 case as easily as in a Chapter 11 case. Conversion of the case to Chapter 7 will avoid incurring the expense of formulating and confirming a Chater 11 plan and payment of quarterly fees to the United States Trustee. Liquidation of remaining assets and litigation of any affirmative claims can be accomplished in a Chapter 11 case as well as in a Chapter 11 case.

///

The Trustee believes no purpose is served by retaining the case in Chapter 11 and recommends that the Court convert the case to Chapter 7. The Trustee filed her motion for an order converting the case to Chapter 7 on February 13, 2026, setting a hearing on that motion for March 18, 2026.

DATED: February 16, 2026       RINCON LAW, LLP


By: */s/Charles P. Maher*
     Charles P. Maher
     Counsel for Janina M. Hoskins,
     Chapter 11 Trustee