GABRIEL P. HERRERA, State Bar No. 287093
*gherrera@kmtg.com*
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for Creditor,
COMMERCIAL CREDIT GROUP INC.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION**

| | |
|---|---|
| In re<br><br>KINGSBOROUGH ATLAS TREE SURGERY, INC.,<br><br>Debtor. | Case No. 25-10088<br>Chapter 11<br><br>**APPLICATION FOR AUTHORITY TO ISSUE DISCOVERY PURSUANT TO FRBP 2004** |

COMMERCIAL CREDIT GROUP INC. ("Creditor"), a creditor of Kingsborough Atlas Tree Surgery, Inc. ("Debtor"), hereby applies for an order authorizing it to issue discovery pursuant to Federal Rule of Bankruptcy Procedure 2004 ("FRBP 2004") to:

(a) ANVIL BUILDERS, INC.;

(b) ANVIL POWER, INC. (collectively, "Anvil");

(c) Todd Eisenhauer ("T. Eisenhauer"); and

(d) TDE Equipment (collectively with Anvil and T. Eisenhauer "Interested Parties").

The Creditor seeks information from the Interested Parties related to the Creditor's collateral, including the location and dealings with respect to its collateral and a 2021 Bandit BTC-300 ("BTC-300") that was purportedly sold without payment or notification to, and consent by the Creditor. In support thereof, the Creditor respectfully submits the following:

**BACKGROUND AND FACTS**

1. On or about February 20, 2025, the Debtor filed a voluntary petition in Chapter 11. A Chapter 11 trustee was subsequently appointed ("Trustee").

2. Among the assets of the Debtor's bankruptcy estate is the Debtor's interest in the following (collectively, "Collateral"):

| Equipment Description | Serial Number |
|---|---|
| 2021 Bandit 3090 Track Whole Tree Chipper | 519143 |
| 2021 Bandit 3090 Track Whole Tree Chipper | 517857 |
| 2020 Bandit 20XP Towable Tree Chipper | 4FMUS2022LR511855 |
| 2015 Caterpillar 525D Skidder | CAT0525DEGKP00134 |
| 2022 Arbor Pro 83HD | S22A3554 |
| 2023 Summit Utility Trailer | 59KBU182XP1012043 |
| 2019 Vermeer WC2500TX Chipper | 1VRF27007K1000118 |
| 2021 Bandit BTC-300 | 515731 |
| 2019 Hitachi ZX310 | 1FFDDP71VKF316030 |
| 2021 Vermeer HG6800TX | 1VRK4804EM1001008 |
| 2021 Vermeer DT6 | 1VRC203K8M1001059 |
| 2019 Ford F350 Pickup | 1FD8X3FT7KEE93680 |
| 2019 Ford F350 Pickup | 1FD8X3FTXKEF03649 |
| 2012 Peterbilt 367 Truck Tractor | 1XPTD40X7CD146722 |
| 2015 Ford truck | 3FRWFB7FV670741 |
| 2017 Freightliner Truck | 1FVACWDT0HHJB3916 |

3. The Debtor does not dispute that the Creditor has a blanket security interest against the assets of the Debtor, including the Collateral.

4. On February 9, 2026, the Court entered an order granting Creditor's Motion for relief from the automatic stay in order to allow the Creditor to enforce its state law rights with respect to the Collateral. The order is effective March 13, 2026 to allow the Trustee an opportunity, through her auctioneer, to auction the Collateral.

5. On or about February 23, 2026, the Creditor was informed by the auctioneer that one of the pieces of the Collateral (i.e. the BTC-300) had been previously sold. The auctioneer claimed

not to know the name or any other information for the alleged buyer.

6. The Debtor never notified the Creditor that it had sold any of the Collateral. Indeed, the Debtor repeatedly advised, in this bankruptcy case, that the Collateral would be sold and the Creditor would be paid. Since the start of this case, however, the Debtor only paid the Creditor the agreed proceeds from two Sennobogen 718M machines.[1] The Debtor has not paid the Creditor the proceeds from the sale of the BTC-300.[2]

7. The Creditor requires information about the purchase of the Collateral, or any portion thereof, and any other information regarding the sale of the Collateral by the Debtor prior to the petition date.

8. The Debtor claims that Anvil has all of the information and documentation related to the sale of the BTC-300. Anvil has stated that T. Eisenhauer and TDE Equipment, who previously sold equipment for the Debtor, may have the information.

## BASIS FOR RELIEF

The Creditor seeks authority to issue discovery to the Interested Parties. Pursuant to Federal Rule of Bankruptcy Procedure 2004(a), a party in interest, including a secured creditor such as the Creditor, may move the Court for an order compelling the examination of the debtor or any entity, including its principals, concerning the acts, conduct, or property of the debtor; the liabilities and financial condition of the debtor; any matter which may affect the administration of the debtor's estate; or the debtor's right to a discharge. FRBP 2004(b). A court has discretionary power under FRBP 2004, and FRBP 2004 is generally regarded as a "fishing expedition." See 9 COLLIER ON BANKRUPTCY ¶ 2004.01[2]. Moreover, the scope of such an examination is broad, permitting inquiry into potential misconduct such as unauthorized sales of collateral or fraudulent conveyances, upon a showing of good cause, which is satisfied where the examination is necessary to investigate facts relevant to the creditor's claim or estate administration. "The scope of an examination permitted by Rule 2004 may relate only to the acts, conduct, or property or to the liabilities and

---

[1]Per ECF Doc #43. the Creditor also received insurance proceeds for the total loss of a 2018 Vermeer Tub Grinder per the Stipulation and subsequent Order at ECF Doc #s 28 and 52, respectively.

[2] The Trustee, for her part, has remitted payments to the Creditor on account of the Collateral.

financial condition of the debtor, or to any matter which may affect the administration of the bankruptcy estate…. As the permissive language of the rule suggests, the Court has the discretion to grant a request for a 2004 examination…" *In re Enron Corp*., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002).

Based on the above, an order authorizing the discovery is proper under FRBP 2004 because such discovery relates to the acts, conduct, property and liabilities of the Debtor and the bankruptcy estate, and affects the administration of the Debtor's estate. The order will allow the Creditor to obtain information regarding the disposition of the Collateral, including the BTC-300. If the missing collateral is located, it may be additional assets that could pay down the Creditor's claim. The Debtor did not notify the Creditor of the sale of the BTC-300, did not pay the Creditor the proceeds of such sale, and has not paid the Creditor any sale proceeds other than as set forth above. The Debtor claims that all documents and information related to the sale of the BTC-300 is in the possession of Anvil, and Anvil advises that the other Interested Parties may have the information. The Creditor seeks to discover the location of its collateral.

**WHEREFORE,** the Creditor prays that the application be granted and for such other and further relief as the Court deems necessary and proper.

DATED: May 1, 2026

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: ________________________
Gabriel P. Herrera
Attorneys for Creditor,
COMMERCIAL CREDIT GROUP INC.