GABRIEL P. HERRERA, State Bar No. 287093
*gherrera@kmtg.com*
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for Creditor,
COMMERCIAL CREDIT GROUP INC.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION**

| | |
|---|---|
| In re<br><br>KINGSBOROUGH ATLAS TREE SURGERY, INC.,<br><br>Debtor. | Case No. 25-10088<br>Chapter 11<br><br>**DECLARATION OF MICHAEL MIKULAN IN SUPPORT OF APPLICATION FOR AUTHORITY TO ISSUE DISCOVERY PURSUANT TO FRBP 2004** |

I, Michael Mikulan, declare as follows:

1. I am an Assistant Vice President of creditor Commercial Credit Group Inc. ("Creditor") in the above-captioned case. I have personal knowledge of all facts stated herein. If called as a witness, I could and would competently testify to all matters stated herein unless otherwise specified. I make this declaration in support of the Application for Authority to Issue Discovery Pursuant to FRBP 2004 to Anvil Builders, Inc.; Anvil Power, Inc. (collectively, "Anvil"); Todd Eisenhauer ("T. Eisenhauer"); and TDE Equipment (collectively with Anvil and T. Eisenhauer, "Interested Parties").

2. The Creditor seeks information from the Interested Parties related to the Creditor's collateral, including the location and dealings with respect to its collateral and a 2021 Bandit BTC-300 ("BTC-300") that was sold without payment or notification to, and consent by the Creditor.

3. Due to my experience and position with the Creditor, I have personal knowledge of the business practices of the Creditor in preparing and maintaining business records, and of all acts,

conditions, and events that occur in the regular course of administering agreements, including the extension of credit and credit agreements. With respect to the credit extended by the Creditor to its borrower, Kingsborough Atlas Tree Surgery, Inc. ("Debtor"), I am one of the custodians of the books, records, files, and credit records of the Creditor as those books, records, files, and credit records pertain to the agreements at issue. I personally worked on these books, records, files, and/or credit records and, as to the following facts in which I make this declaration, I know them to be true of my own knowledge or I have gained knowledge of them from my review of the business records of the Creditor. These business records are maintained in the ordinary course of the Creditor's business and were created at or near the time dated therein.

4. On or about February 20, 2025, the Debtor filed a voluntary petition in Chapter 11. A Chapter 11 trustee was subsequently appointed ("Trustee").

5. I understand that among the assets of the Debtor's bankruptcy estate is the Debtor's interest in the following (collectively "Collateral"):

| **Equipment Description** | **Serial Number** |
|---|---|
| 2021 Bandit 3090 Track Whole Tree Chipper | 519143 |
| 2021 Bandit 3090 Track Whole Tree Chipper | 517857 |
| 2020 Bandit 20XP Towable Tree Chipper | 4FMUS2022LR511855 |
| 2015 Caterpillar 525D Skidder | CAT0525DEGKP00134 |
| 2022 Arbor Pro 83HD | S22A3554 |
| 2023 Summit Utility Trailer | 59KBU182XP1012043 |
| 2019 Vermeer WC2500TX Chipper | 1VRF27007K1000118 |
| 2021 Bandit BTC-300 | 515731 |
| 2019 Hitachi ZX310 | 1FFDDP71VKF316030 |
| 2021 Vermeer HG6800TX | 1VRK4804EM1001008 |
| 2021 Vermeer DT6 | 1VRC203K8M1001059 |
| 2019 Ford F350 Pickup | 1FD8X3FT7KEE93680 |
| 2019 Ford F350 Pickup | 1FD8X3FTXKEF03649 |

| | |
|---|---|
| 2012 Peterbilt 367 Truck Tractor | 1XPTD40X7CD146722 |
| 2015 Ford truck | 3FRWFB7FV670741 |
| 2017 Freightliner Truck | 1FVACWDT0HHJB3916 |

6. The Debtor does not dispute that the Creditor has a blanket security interest against the assets of the Debtor, including the Collateral.

7. On February 9, 2026, the Court entered an order granting Creditor's Motion for relief from the automatic stay in order to allow the Creditor to enforce its state law rights with respect to the Collateral. The order is effective March 13, 2026 to allow the Trustee an opportunity, through her auctioneer, to auction the Collateral.

8. On or about February 23, 2026, the Creditor was informed by the auctioneer that one of the pieces of the Collateral (i.e. the BTC-300) had been previously sold. The auctioneer claimed not to know the name or any other information for the alleged buyer.

9. The Debtor never notified the Creditor that it had sold any of the Collateral. Indeed, the Debtor repeatedly advised, in this bankruptcy case, that the Collateral would be sold and the Creditor would be paid. Since the start of this case, however, the Debtor only paid the Creditor the agreed proceeds from two Sennobogen 718M machines.[1] The Debtor has not paid the Creditor the proceeds from the sale of the BTC-300.[2]

10. The Creditor requires information about the purchase of the Collateral, or any portion thereof, and any other information regarding the sale of the Collateral by the Debtor prior to the petition date.

11. The Debtor claims that Anvil has all of the information and documentation related to the sale of the BTC-300. Anvil has stated that T. Eisenhauer and TDE Equipment, who previously sold equipment for the Debtor, may have the information.

12. CCG needs documents and information from the Interested Parties related to the

[1] Per ECF Doc #43. the Creditor also received insurance proceeds for the total loss of a 2018 Vermeer Tub Grinder per the Stipulation and subsequent Order at ECF Doc #s 28 and 52, respectively.

[2] The Trustee, for her part, has remitted payments to the Creditor on account of the other pieces of Collateral.

disposition of the Collateral.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed April 22, 2026, at Naperville, Illinois.

MICHAEL MIKULAN



Case: 25-10088 Doc# 371-1 Filed: 05/01/26 Entered: 05/01/26 10:37:31 Page 4 of 4