JANINA M. HOSKINS
former Chapter 11 Trustee
P.O. Box 158
Middletown, CA 95461
Telephone: (707) 483-2910

Email: Jmelder7@aol.com

UNITED STATES BANKRUPTCY COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

(Santa Rosa Division)

| | |
|---|---|
| In re:<br><br>KINGSBOROUGH ATLAS<br>TREE SURGERY, INC.,<br><br>Debtor. | Case No. 25-10088- WJL<br><br><br><br>Chapter 7<br>converted from Chapter 7<br><br>To be set for hearing |

**FIRST AND FINAL FEE APPLICATION FOR JANINA M. HOSKINS, AS CHAPTER 11 TRUSTEE**

TO: THE HONORABLE WILLIAM J. LAFFERTY

COMES NOW, Janina M. Hoskins, the duly appointed and qualified Chapter 7 Trustee, who previously served as the Chapiter 11 Trustee ("Hoskins"), in the above-captioned Chapter 7 case and represents as follows:

1. This case was filed on February 20, 2025, as a voluntary petition for relief under Chapter 11 and Hoskins was appointed as the Chapter 11 Trustee on December 31, 2025. *See* Docket No. 327

2. The Debtor did not operate while in Chapter 11 and on March 23, 2026, the case converted to a case under Chapter 7 and Hoskins was appointed as the interim Chapter 7 Trustee.

3. The Meeting of Creditors in the Chapter 7 case was held and concluded and Hoskins is now the duly authorized and appointed Chapter 7 Trustee.

4. Hoskins seeks payment of Chapter 11 commission/fees in the amount of $25,593.75 and waives all Chapter 11 expenses, to be paid, subject to Court approval.

5. Pursuant to Docket No. 354 the Court entered an Order to set a Chapter 11 claims bar date and the deadline for Chapter 11 professionals to file their fee applications is June 12, 2026. *See* Docket No. 362.

6. Hoskins has entered into no agreement with any person and no understanding exists for division of fees/commissions between Hoskins and any other attorney, and Hoskins has entered into no agreement with any party for the purpose of fixing the amount of compensation to be paid from the estate. Hoskins has not received, nor has been promised, any other compensation from any other source for services rendered, or to be rendered, in this Chapter 11 case.

7. This fee request complies with all applicable Guidelines established by the Northern District of California Bankruptcy Court. Hoskins has billed 2.0 hours of time for this Application.

## BACKGROUND AND CASE STATUS

The Debtor started business in 1982 and operated a residential tree and landscape service based in Sonoma County which expanded to municipal and commercial tree trimming projects. The Debtor experienced financial difficulties and a $3,000,000.00 Judgment was entered against the Debtor in 2023. Also in 2023, the Debtor and Anvil Power, Inc./Anvil Equipment, Inc. ("Anvil") entered into discussions to sell/purchase the Debtor's business. The Debtor and Anvil dispute the facts that led up to the completion of a negotiated sale of the Debtor's assets to Anvil. Several revisions to sale documents occurred and the Debtor and Anvil each have vastly differing views of the terms of the sale agreements and litigation ensued.

The Anvil litigation includes claims and cross-claims between the parties, and asserted claims by the Debtor's principals, Richard and Cindy Kingsborough. 1 Litigation was commenced pre-petition in the Sonoma County Superior Court and subsequent litigation was commenced by Anvil during the Chapter 11 case to recover asserted accounts receivables purchased by Anvil but retained by the Debtor.

Prior to Hoskins' appointment as the Chapter 11 Trustee, the Debtor retained Grafe Auctions to liquidate the substantial vehicle and equipment inventory held by the Debtor. Three (3) separate public auctions were held by Grafe during the Chapter 11 case. A final auction settlement statement is pending.2 The vehicles subject to Ford Motor Credit have all been liquidated and their liens are satisfied. The largest secured creditor, Commercial Credit Group ("CCG") held a blanket lien on equipment and separate equipment specific liens. CCG has been paid almost in full from the auction proceeds. The Chapter 7 Estate is working to unravel the funds held in three (3) Chapter 11 Debtor-in-Possession bank accounts to determine which funds are subject to CCG's remaining lien, which funds belong to Anvil and which funds are unencumbered and available to pay administrative claims and unsecured claims, Hoskins retained

1 The Kingsboroughs, individually, have filed their separate Chapter 11 case pending in the Northern District of California- Case no. 25-10461

2 Two of the vehicle and equipment auctions occurred prior to Hoskins' appointment.



Case: 25-10088 Doc# 377 Filed: 06/05/26 Entered: 06/05/26 14:04:12 Page 3 of 5

an accountant to work on this issue along with other Estate related accounting obligations and investigations, such as potential avoidance actions. This process was started during the Chapter 11 phase of Hoskins' appointment and is ongoing.

Since her appointment as Chapter 11 Trustee, Hoskins has examined claims on file for the case, analyzed the pending litigation and litigation claims held by and against the Debtor, conducted on-site investigations of the vehicles and equipment that remained for auction at the time of her appointment, worked with the auctioneer to complete the third and final auction and ensured that secured creditors were paid from the auction proceeds. Hoskins also ensured that the DIP bank accounts were turned over and started the process of reconciling the Debtor's books and records in order to trace the funds held in the three (3) bank accounts turned over to the Estate. Some of the account funds turned over to the Estate are subject to the CCG lien, some of the funds are asserted to be collected accounts receivables owned by Anvil after the asset purchase, but collected by the Debtor, and the remaining funds appear to be unencumbered. The allocation of the funds and the reconciliation process is essential to the ongoing administration of the case in the Chapter 7 phase. Unfortunately, the process of properly characterizing and tracing the funds is anything but clear and straightforward.. Since the business was not operating and no true purpose existed to remain in Chapter 11, Hoskins filed a Motion to convert the case to Chapter 11.

Attached hereto as Exhibit A are Hoskins Chapter 11 time records, which are broken into separate relevant time categories. Hoskins has spent 48.75 hours of administrative time on this case through March 23, 2026 and requests payment of $25,593.75 in fees. Hoskins hourly rate is $525.00.

**STATUTORY CAP ANALYSIS**

The Chapter 11 Estate has realized compensable gross receipts of $1,862,341.81

Pursuant to 11 U.S.C. § 326, the maximum statutory compensation is computed as follows:

$1,862,341.81 compensable receipts:

25% of the first $5,000.00 $1,250.00

| | |
|---|---|
| 10% of the next $45,000.00 | $4,500.00 |
| 5% of the next $950,000.00 | $47,500.00 |
| 3% of the balance $862,341.81 | $25,880.25 |
| Total maximum statutory commission | $79,120.25 |

Requested fees -

$25,593.75

WHEREFORE, Hoskins requests that this First and Final Chapter 11 Fee Application be approved in the total amount of $25,593.75, which includes commission only, since expenses are waived. Hoskins further requests that she be allowed and authorized to disburse the allowed fees and expenses as approved, after the Chapter 11 fee requests are set for hearing and approved, and for such further relief as the Court deems appropriate.

Respectfully submitted.

Dated: June 5, 2026

/S/ Janina M. Hoskins
JANINA M. HOSKINS, TRUSTEE